UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN MESEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22 CV 1102 RWS |
| ST. FRANCOIS COUNTY, MISSOURI, | ) |
| HEATHER SMITH, LPN in her individual capacity, | ) |
| DENNIS SMITH in his individual capacity, and | ) |
| SHERIFF DANIEL BULLOCK, in his official capacity as Sheriff of the St. Francois County Sheriff's Department, | ) |
| Defendants, | ) |

## **ORDER AND MEMORANDUM**

Plaintiff Shawn Mesey was a pretrial detainee at the St. Francois County Jail in Farmington, Missouri. In his complaint he alleges that the jail nurse at that facility was deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment of the United States Constitution.[1] He asserts this

---

[1] Mesey's complaint includes many allegations of unhygienic and overcrowding conditions at the jail. These allegations are the subject of a separate class action lawsuit.

constitutional claim against the nurse and St. Francois County under 42 U.S.C § 1983.  He also asserts claims against the nurse, St. Francois County, the Jail Administrator Dennis Smith, and Sheriff Daniel Bullock under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.[2] and under Section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 794.  All of the defendants have filed motions to dismiss for a failure to state a claim.  Because I find that Mesey has alleged sufficient facts in his complaint to state a claim against the jail nurse in Count II, I will deny the nurse's motion to dismiss that count.  I will deny St. Francois County's motion to dismiss Count I but grant its motion as to Count II.  I will grant Defendant Sheriff Daniel Bullock and Defendant Dennis Smith's motions to dismiss.

*Background*

Defendant St. Francois County is a political subdivision of the State of Missouri and is responsible for the actions, policies, and procedures of the St. Francois County Sheriff's Office.  Defendant Sheriff Daniel Bullock was the Sheriff of St. Francois County during the relevant time period.  Bullock is responsible for the employees, actions, policies, and procedures of the St. Francois County Jail.  The Sheriff supervises the Jail Administrator who is responsible for

---

[2] The ADA was amended by Congress in 2008, referred to as the ADAA.  The amendment directed that the term disability should be construed broadly.  See ADAA, Pub.L. No. 110-325, § 2(b)(4), 122 Stat. 3553, 3554 (2008).

the oversight of the day-to-day operations of the jail.  Defendant Dennis Smith was the Jail Administrator at the jail from June 1, 2003 to December 31, 2019.  St. Francois County receives federal funds to assist with jail operations, including funds to house federal detainees.  Defendant Heather Smith is a St. Francois County employee working as a Licensed Practice Nurse at the jail.

Mesey was a pretrial detainee at the St. Francois County Jail on and off for short periods of time from November 5, 2016 through May 2, 2019.  Mesey's longest period of incarceration at the jail was from October 19, 2017 through June 18, 2018.  In his complaint, Mesey alleges that he was born with a clubbed left foot that causes substantial limitations in his daily living activities.  From February 2017 to October 19, 2017, Mesey was serving a sentence, pursuant to prior criminal charges, at the Northeast Correctional Center, a facility within the Missouri Department of Corrections.  While at that facility Mesey received a specialized orthopedic shoe for his clubbed foot.  Mesey alleges that without his specialized shoe he struggles to walk without stumbling and experiences constant pain, stiffness, and limited motion in his legs.

On October 19, 2017, Mesey was transferred to the St. Francois County Jail to face new criminal charges in St. Francois County.  Mesey arrived at the jail wearing his orthopedic shoe.  The shoe was taken from Mesey by jail staffers booking Mesey into the facility.  Despite Mesey's telling the jailers he needed that

shoe to get around with his clubbed foot, the staff told him he would not be allowed to keep his shoe. Mesey alleges that the disability of his clubbed foot was obvious from his gait. Mesey requested the return of his shoe throughout his incarceration at the jail from October 2017 through June 2018. The jail staff denied each request. The Jail Administrator, Dennis Smith, told Mesey he would not receive his orthopedic shoe because at the jail, "we don't do that." Mesey notified Defendant Heather Smith, the jail nurse, of his need for his shoe multiple times but the shoe was not returned to him until he was transferred back to the Missouri Department of Corrections in June 2018. Mesey asserts that his need for the shoe was obvious because his mobility impairment could readily be seen from his gait. He asserts that he struggled to walk, climb stairs, and bathe without pain because his shoe was withheld from him while at the jail. Mesey's allegations assert a claim against St. Francois County for denying his requests to return his shoe as a failure to accommodate his disability that would enable him to walk without difficulty and pain.

Mesey also asserts that he had another serious medical need for which he was denied any healthcare while at the jail. Mesey alleges that between December 2017 and January 2018, he developed a toothache that required medical attention. He reported the need for dental care to Nurse Smith. She had Mesey fill out a medical request form. Because he was in great pain, Mesey filled out the form.

4

The next day, Smith approached Mesey and did not perform an evaluation or assessment of his tooth. She merely "demanded" that he gargle with salt water. The tooth ache persisted so Mesey requested a pain reliever from Smith. She refused his request and told him that he could buy a pain reliever from the jail canteen. Mesey did not have commissary funds so he was not able to purchase any pain medication. Mesey alleges that he endured severe tooth pain while at the jail and was never taken to be seen by a dentist or a doctor to address his pain. His tooth pain limited his ability to eat or sleep. Not until he was returned to the Missouri Department of Corrections did Mesey receive medical care for his tooth. His tooth was found to be so decayed it had to be extracted. Mesey alleges that he has been diagnosed with Post Traumatic Stress Disorder that he attributes to his experiences at the jail.

In Count I of his complaint Mesey asserts an ADA claim and a Rehabilitation Act claim under Section 504 against St. Francois County, Sheriff Bullock, Jail Administrator Dennis Smith, and nurse Heather Smith. In Court II, Mesey asserts a claim under the Fourteenth Amendment alleging that St. Francis County and Heather Smith were deliberately indifferent to his serious medical needs based on the failure to return his orthopedic shoe and the failure treat his serious tooth pain. All of the defendants have filed motions to dismiss for failing to state a claim.

5

*Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.  A pleading that merely asserts conclusory statements, "a formulaic recitation of the elements of a cause of action" and "naked assertions" that are not factually supported is insufficient to state a claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

*Discussion*

*Count I – ADA and Rehabilitation Act*

In Court I of his complaint, Mesey alleges that St. Francois County, Sheriff Bullock, Dennis Smith, and Heather Smith violated his rights under the Title II of

the ADA and Section 504 of the Rehabilitation Act by failing to provide him with his orthopedic shoe.

As an initial matter, Defendant Bullock moves to dismiss this claim against him. He argues that this claim is brought against him in his official capacity as the sheriff of St. Francois County. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Bullock argues that because St. Francois County is already a named defendant in this case, a separate claim against him in his official capacity is redundant and should be dismissed. I agree. See Id. As a result, I will grant Bullock's motion to dismiss.

Similarly, Defendants Dennis Smith and Heather Smith move to dismiss this claim because Title II of the ADA and Section 504 of the Rehabilitation Act do not permit recovery against individuals. That position is correct. See Baribeau v. City of Minneapolis, 596 F.3d 465, 484 (8th Cir. 2010) ("Individuals in their personal capacities, however, are not subject to suit under Title II, which provides redress only from public entities.") and Baldwin v. Owens, No. 4:14CV1662 RWS, 2014 WL 5090820, at *2 (E.D. Mo. Oct. 9, 2014) ("Section 504 of the Rehabilitation Act simply do[es] not impose liability on individual defendants in their individual capacities."). In his opposition briefs, Mesey concedes that both Smiths' motions

7

as to this count should be granted. As a result, I will grant Dennis Smith's and Heather Smith's motion to dismiss Count I.

St. Francois County has also moved to dismiss Mesey's ADA and Rehabilitation Act claims. Title II of the ADA prohibits discrimination in the services provided by public entities. Gorman v. Bartch, 152 F.3d 907, 911 (8th Cir.1998). Section 504 of the Rehabilitation Act prohibits a qualified individual with a disability being denied benefits or being subject to discrimination under any program or activity receiving Federal financial assistance. Id. To state a claim under Title II of the ADA, a plaintiff must allege that she is a "qualified individual with a disability denied participation in, or the benefits of, the services, programs, or activities of a public entity because of his disability." Id. at 912 (citing Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998)) and 42 U.S.C. § 12132.[3] To state a claim under the Rehabilitation Act a plaintiff must allege that "(1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity which receives federal funds, and (3) he was discriminated against based on his disability." Id. at 911 (citations omitted). Apart from the federal funding requirement, the ADA is "similar in substance to the Rehabilitation Act, and cases interpreting either are applicable and interchangeable." Id. at 912

---

[3] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132

8

(quotation marks and citation omitted). Moreover, claims under both the ADA and Rehabilitation Act require proof of discriminatory intent to recover compensatory damages and requires proof of deliberate indifference by the municipality in the denial of benefits or services to the plaintiff. Meagley v. City of Little Rock, 639 F.3d 384, 389 (8th Cir. 2011).

"The failure to make reasonable accommodations is a separate form of prohibited discrimination." Hall v. Higgins, No. 22-2582, 2023 WL 5211649 (8th Cir. Aug. 15, 2023) (cleaned up); see also Withers v. Johnson, 763 F.3d 998, 1003 (8th Cir. 2014) ("Discrimination under the ADA . . . encompasses both disparate treatment because of a disability and failure to provide reasonable accommodations to a qualified individual's known disability."). "Thus, a public entity must make reasonable accommodations where necessary to give meaningful access to programs or benefits; mere limited participation by persons with disabilities is not equivalent to meaningful access." Id. (cleaned up).

Mesey's complaint asserts that his clubbed foot make him a qualified individual with a disability. He also asserts that the St. Francois County jail is a public entity within the meaning of the ADA and the Rehabilitation Act. The basis for his claim is that St. Francois County's refusal to return his orthopedic shoe denied him the right to ambulate safely in the jail facility without pain. He alleges that St. Francois County had actual knowledge of his disability because he

9

informed the booking staff, Dennis Smith and Heather Smith of his club foot and his need to use his orthopedic shoe. He was denied access to his shoe during his stay at the jail through June 2018.

States' prisons are deemed to be public entities. Gorman, 152 F.3d at 912. Mesey alleges that St. Francois County failed to accommodate his disability when he was denied the use of his orthopedic shoe or some alternative accommodation. Mesey alleges that an accommodation would have allowed him to safely ambulate around the jail. In addition, Mesey alleged that the refusal to return his shoe resulted in Mesey struggling to walk without stumbling and caused him constant pain, stiffness, and limited motion in his legs. The jail staff intentionally failed to accommodate Mesey's obvious disability by intentionally withholding Mesey's shoe. Moreover, when Mesey requested the return of his shoe from Jail Administrator Dennis Smith, Smith told Mesey, "we don't do that."

In order to establish an ADA or Rehabilitation claim against a governmental entity, a plaintiff must present evidence of a policy or custom of the entity that violated the plaintiff's rights. Id. at 914.

The failure to provide or offer *any* accommodation to an individual with a qualified disability meets the pleading standard of deliberate indifference to a disability by St. Francois County to state a claim under the ADA and the Rehabilitation Act. The Jail Administrator's position that "we don't do that," is

sufficient evidence at the pleading stage to allege a policy at the jail of not accommodating pretrial detainees' disability needs. As a result, I will deny St. Francois County's motion to dismiss Count I.

*Count II – Fourteenth Amendment Failure to a Serious Medical Need*

"Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment." Holden v. Hirner, 663 F.3d 336, 341 (8th Cir. 2011). As a practical matter pretrial detainees "are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007). See also Smith v. Lisenbe, 73 F.4th 596, 600 (8th Cir. 2023) ("a pretrial detainee receives at least the same protections that convicted prisoners receive under the Eighth Amendment.") (cleaned up).

"To establish prison officials failed to prevent harm, a pretrial detainee first must prove he was incarcerated under conditions posing a substantial risk of serious harm. [] This is an objective requirement to ensure the deprivation is a violation of a constitutional right. [] Second, [the detainee] must establish the prison officials were deliberately indifferent to inmate health or safety. [] This is a subjective requirement, mandating the prisoner prove the official both knew of and disregarded an excessive risk to inmate health or safety." Holden, 663 F.3d at 341

11

(cleaned up).  "Deliberate indifference is a difficult standard to meet. [] It requires an official to consciously disregard a known and objectively serious medical need. [] A serious medical need is one diagnosed by a physician or so obvious that even a layman would recognize it." Leonard v. St. Charles County Police Department, 59 F.4th 355, 360 (8th Cir. 2023) (cleaned up).  Deliberate disregard requires more than negligence, more than even gross negligence, but less that purposefully causing or knowingly bringing about a substantial risk of serious harm to an inmate.  Thompson v. King, 730 F.3d 742, 747 (8th Cir. 2013) (cleaned up).  "[A] complete failure to treat an extremely painful (or other serious) condition displays a reckless indifference to a serious medical need." Leonard, 59 F.4th at 363.

In Count II of is complaint, Mesey claims that St. Francois County and Smith acted with deliberate indifference in failing to provide any treatment for Mesey's clubbed foot or for his abscessed tooth.  Smith filed a motion to dismiss this claim arguing that it failed to state a claim for relief.  I find that Mesey's complaint asserts that he had an objectively serious medical condition in the form of a clubbed foot and abscessed tooth.  His complaint sufficiently avers that Smith and others at the jail had actual knowledge of his condition but were deliberately indifferent to his requests for treatment.  As a result, I will deny Smith's motion to dismiss this claim.

Mesey also asserts a claim against St. Francois County alleging that it has a practice and custom of "ignoring detainees' health needs or failing to provide medical treatment, and for failing to train and supervise its employees to provide constitutionally adequate medical treatment." Mesey alleges that the "deputies and other jail staff were not provided any specific training to work with detainees experiencing medical needs within the jail or sufficient training to identify and respond to medical emergencies." Mesey also alleges sweeping assertions that jail staff were selective and arbitrary in determining which medical situations warranted medical evaluations and failed to timely respond to detainees' requests for healthcare among other accusations. St. Francois County has moved to dismiss this claim for a failure to state a claim for relief.

"Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). In a section 1983 action, a political subdivision, like St. Francois County, may only be held liable for constitutional violations that result from a policy, custom, or practice of the county. See Monell, 436 U.S. at 690 (1978). To establish a custom or practice a plaintiff must present evidence of "a widespread and persistent pattern of unconstitutional misconduct ... policymakers were either deliberately indifferent to or tacitly authorized" which caused a

13

violation of plaintiff's constitutional rights.  Leonard, 59 F.4th at 363 (citation and quotation omitted).  "The pattern of unconstitutional conduct must be so pervasive and widespread so as to have the effect and force of law."  Brewington v. Keener, 902 F.3d 796, 801 (8th Cir. 2018) (cleaned up).  A plaintiff must establish that the custom was a moving force behind the constitutional violation.  Corwin v. City of Indep., MO., 829 F.3d 695, 700 (8th Cir. 2016).  A failure to train or supervise is an extension of a custom claim and is established when the failure evidences a deliberate indifference to the constitutional rights of a plaintiff.  Marsh v. Phelps County, 902 F.3d 745, 751 (8th Cir. 2018).

In support of his sweeping allegations of a custom and practice Mesey points to two unconnected incidents.  He asserts that in 2018, an inmate was assaulted by other inmates and suffered bloody and bruising injuries to his face and broken front teeth.  He informed Smith that he had been attacked, that he was in pain, and that he needed to see a doctor.  Smith did not perform an evaluation of his injuries, she refused to provide him with pain medication, and she refused his request to see a doctor.  For three days he remained in extreme and obvious amounts of pain, that he was in and out of consciousness in his cell, and that he was forced to scream for medical help.  Smith and the other jail staff ignored his cries for help.  When the pain eventually became unbearable he pulled out his own tooth.  He again requested pain medication from Smith but she denied his request.  He never was

seen by a doctor and never received any pain medication after his assault.  In another incident in 2018, a female inmate was not given her medication for her bipolar disorder during her incarceration and not provided medication for her depression and anxiety for several months.  In addition, she experienced severe abdominal pain and vaginal discharge which Smith kept treating with multiple rounds of antibiotics.  After she was released from jail she was diagnosed with a gall bladder issue and required emergency surgery.

  Smith's treatment, or lack thereof, of the bipolar inmate and the inmate who had been assaulted may support a claim of deliberate indifference to a serious medical need.  However, these two incidents fail to present a factual basis for a Monell claim of municipal liability based on custom or practice.  Moreover, the allegations in Mesey's complaint that the jail facility had a custom and practice of ignoring detainee health needs and failed to provide medical treatment is an insufficient and generalized allegation.  However, as I found above, the Jail Administrator's statement the "we don't do that" is sufficient at this stage of the proceedings to support a claim that the jail had a policy to not provide medical treatment for serious medical needs of pretrial detainees.  Mesey has alleged that he had a serious medical need, a clubbed foot, that made it difficult to walk without stumbling and caused him constant pain, stiffness, and limited motion in his legs.  Based on its policy, the Jail Administrator declined to return Mesey's specialized

shoe and did not offer any other treatment for his condition.  As a result, I find that Mesey has sufficiently asserted a claim against St. Francois County for having a policy of refusing treatment for a serious medical need in Count II.

Accordingly,

**IT IS HEREBY ORDERED that** Sheriff Daniel Bullock's motion to dismiss the claim against him in Count I of Plaintiff Mesey's complaint [13] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant Heather Smith's motion to dismiss the claim against her in Count I of Plaintiff Mesey's complaint [9] is **GRANTED**.  Defendant Heather Smith's motion to dismiss the claims against her in Count II of Plaintiff Mesey's complaint [9] is **DENIED**.

**IT IS FURTHER ORDERED that** St. Francois County's motion to dismiss the claims against it in Counts I and II of Plaintiff Mesey's complaint [15] are **DENIED**.

**IT IS FURTHER ORDERED that** Defendant Dennis Smith's motion to dismiss the claims against him in Plaintiff Mesey's complaint [11] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2023.